UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------X
WILLIE R. DIXON,

                        Plaintiff,                            **ORDER**
                                                                                            CV 10-3577(LDW)(ARL)

        -against-

THE INCORPORATED VILLAGE OF
HEMPSTEAD, et al.,
                        Defendants.
----------------------------------------------------------------X

**LINDSAY, Magistrate Judge:**

      Before the court are defendant The Incorporated Village of Hempstead's ("defendant Village of Hempstead") and non-party Debra Urbano-DiSalvo's ("Ms. Urbano-DiSalvo") (collectively "the movants") motions to quash two subpoenas served on defendant Village of Hempstead and non-party The Incorporated Village of Amityville by plaintiff, seeking the production of "[p]ersonnel records including but, not limited to: time, leave, payroll, court calendar, case management records related to": (i) "the employment of Village Counsel Debra Urbano-DiSalvo from commencement of employment through present"; and (ii) "the employment of Judge Debra Urbano-DiSalvo from commencement of employment in 2003 through the present." The movants contend the non-party subpoena should be quashed because the requested information is not relevant nor reasonably calculated to lead to the discovery of admissible evidence, and in any event is untimely. In addition, the movants seek sanctions, including attorneys' fees. Plaintiff has not filed a response.

      Fed. R. Civ. P. 45 provides for the issuance of a subpoena *duces tecum* to obtain discovery from a non-party. Fed. R. Civ. P. 45. "Subpoenas issued under Rule 45 are subject to the relevance requirement of Rule 26(b)(1)." *In re Refco Sec. Litig.*, 759 F. Supp. 2d 342, 3454 (S.D.N.Y. 2011) (citation omitted). Pursuant to Rule 26(b)(1), a party may obtain discovery "that is relevant to any party's claim or defense" and "[r]elevant information need not be admissible at trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence." Fed. R. Civ. P. 26(b)(1). "On timely motion, the issuing court must quash or modify a subpoena that ... requires disclosure of privileged or other protected matter, if no exception or waiver applies; or ... subjects a person to undue burden." Fed. R. Cvi. P. 45(3)(A). "Once the party issuing the subpoena has demonstrated the relevance of the requested documents, the party seeking to quash the subpoena bears the burden of demonstrating that the subpoena is overbroad, duplicative, or unduly burdensome." *Corbett v. eHome Credit Corp.,* No. 10-CV-26 (JG)(RLM), 2010 WL 3023870, at *3 (E.D.N.Y. Aug. 2, 2010) (internal quotation marks and citation omitted). The courts are directed to consider whether: "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues."

Fed. R. Civ. P. 26(b)(2)(C). "In assessing these considerations, special weight [should be given] to the burden on non-parties of producing documents to parties involved in litigation." *Cohen v. City of New York*, No. 05 Civ. 6780 (RJS)(JCF), 2010 WL 1837782, at *3 (S.D.N.Y. May 6, 2010) (internal quotation marks and citation omitted); *see also Corbett*, 2010 WL 3023870, at *3 ("A subpoena that pursues material with little apparent or likely relevance to the subject matter, . . . is likely to be quashed as unreasonable even where the burden of compliance would not be onerous, particularly where, as here, the person or entity on whom the demand is made is not a party to the action") (internal quotation marks and citations omitted).

As a preliminary matter Rule 45 provides in pertinent part that "a person commanded to produce [documents] may . . . serve . . . a written objection to inspecting . . . any or all of the designated materials." Fed. R. Civ. P. 45(c)(2)(B). "A plain reading of this provision would suggest that only a person to whom the subpoena is issued may seek to quash the subpoena." *In re Rule 45 Subpoena Issued to Cablevision Sys. Corp.*, No. 08-347 (ARR) (MDG), 2010 WL 2219343, at * 4 (E.D.N.Y. Feb. 5, 2010). "Although courts have not, as a general mattaer, recognized the right of non-parties to quash a subpoena issued to another non-party, courts have found non-party standing because of the nature of the information sought." *Id.* (internal quotation marks and citation omitted). That is to say, standing may be found when the movant asserts a "claim of privilege," *Langford v. Chrysler Motors Corp.*, 513 F.2d 1121, 1126 (2d Cir. 1975); "has a sufficient privacy interest in the confidentiality of the records sought," *ADL, LLC v. Tirakian,* No. CV 2006-5076 (SJF)(MDG), 2007 WL 1834517, at *2 (E.D.N.Y. June 26, 2007); or seeks to protect "a proprietary interest in the subpoenaed matter," *United States v. Nachamie*, 91 F. Supp. 2d 552, 558 (S.D.N.Y. 2000). Here, it is clear that defendant Village of Hempstead has standing to move to quash the subpoena because it was the entity to which one of the subpoenas was issued. Although not a recipient of the Village of Hempstead and the Village of Amityville subpoenas, Ms. Urbano-Disalvo has a sufficiently significant interest in the information covered by both subpoenas as she has a legitimate privacy interest in the contents of her own employment records maintained by her employers, and thus, can challenge the subpoenas. Accordingly, the court will turn to the issue of whether the information being sought is relevant to the claims and defenses in this civil rights action, and if relevant, weigh plaintiff's right to obtain that discovery against the burden imposed on the movants.

The motions to quash the subpoenas are granted. By way of background, Ms. Urbano-DiSalvo is the Village Attorney for the Village of Hempstead, a position she has held since June 2007. (*Urbano-DiSalvo Aff.*, dated January 27, 2012, ¶ 2.) In addition Ms. Urbano-DiSalvo is the Village Justice for the Village of Amityville, a position she was appointed to in September 2002 and subsequently elected to in 2003, 2005 and 2009. (*Id*.) Her term as Village Justice expires March 31, 2013. (*Id*.) The Amended Complaint alleges claims of race discrimination, a hostile work environment, retaliation, abuse of authority, conspiracy and conspiracy to interfere with civil rights. (Amended Compl., dated June 11, 2011.) The civil rights action alleges principally that plaintiff was the victim of hostile work environment within the Hempstead Police Department based on his race (African American), the defendants Mayor and Trustees of the Village of Hempstead were aware of the discrimination and did nothing about it, and defendants retaliated against him for filing this lawsuit by not renewing his contract for the position of Assistant Chief of Police. (*Id.*) Nothing in these allegations involves Ms. Urbano-DiSalvo in her

capacity as Village Attorney for the Village of Hempstead or as Village Justice for the Village of Amityville. Significantly, she is not mentioned in the Amended Complaint nor is she involved in any of the alleged incidents set forth therein. (*Id*. at ¶¶ 3-5.) Her only relationship to this action appears to stem from the fact that the Village of Hempstead is a defendant and Ms. Urbano-DiSalvo is the Village Attorney. Because the requested documents, viz. Ms. Urbano-DiSalvo's employment and personnel records from the Village of Hempstead and the Village of Amityville, bear no relationship to the allegations in plaintiff's civil rights action, plaintiff is not entitled to obtain them. Moreover, the subpoenas dated January 9, 2012 were issued after the close of discovery, to wit, December 16, 2011, and therefore were untimely. *McKay v. Triborough Bridge & Tunnel Auth.,* No. 05 Civ. 8936 (RJS), 2007 WL 3275918, at *2 (S.D.N.Y. Nov. 5, 2007) ("district courts have held that parties may not issue subpoenas as a means to engage in discovery after the discovery deadline has passed") (citing cases). The movants request for sanctions is denied.

Dated: Central Islip, New York
       February 9, 2012

SO ORDERED:

_____/s_____
ARLENE R. LINDSAY
United States Magistrate Judge